J-S34009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAVID TERRELL, :
:
Appellant : No. 988 WDA 2018

Appeal from the PCRA Order Entered June 27, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005474-2010

BEFORE: DUBOW, J., McLAUGHLIN, J., and COLINS, J.*

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 1, 2019**

Appellant, David Terrell, appeals from the Order dismissing his first

Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§§ 9541-9546, as untimely. After careful review, we affirm.

The relevant facts and procedural history are, briefly, as follows. On

September 25, 2011, Appellant entered a negotiated guilty plea to Rape of a

Person Under 13, Endangering the Welfare of a Child, Indecent Assault of a

Person Under 13, and Corruption of Minors.[1, 2] That same day, the trial court

---

[1] **See** 18 Pa.C.S. §§ 3121(a)(6), 4304(a), 3126(a)(7), and 6301(a)(1), respectively. Effective February 7, 2003, the legislature deleted 18 Pa.C.S. § 3121(a)(6) and replaced it with 18 Pa.C.S. § 3121(c). **See** Act of December 9, 2002, P.L. 1350, No. 162, § 2.

[2] The charges against Appellant arose from allegations that he had sexually assaulted his stepdaughter over a seven-year period from 1999 to 2006.

---

\* Retired Senior Judge assigned to the Superior Court.

sentenced him to an aggregate term of incarceration of 10 years and 30 days to 30 years.  Appellant's conviction of Rape of a Person Under 13 subjected him to a lifetime sex offender registration requirement under Megan's Law I and II.[3]

Appellant filed a timely post-sentence motion, which the court denied on September 29, 2011.  Appellant filed a timely direct appeal from his Judgment of Sentence, but discontinued that appeal on December 7, 2011. **See Commonwealth v. Terrell**, No. 1716 WDA 2011. Appellant's Judgment of Sentence, thus, became final that day.  **See** 42 Pa.C.S. § 9545(b)(3 **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008) (explaining that a judgment of sentence is final for PCRA purposes on the date that a defendant voluntarily discontinues his direct appeal).

On September 21, 2017, Appellant *pro se* filed a PCRA Petition, alleging that the requirement that he register as a sex offender for his lifetime is illegal pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).[4]  The

_____

[3] In 2012, the Sexual Offender Registration and Notification Act ("SORNA") took effect, replacing Megan's Law II.  **See** 42 Pa.C.S. §§ 9799.10-9799.41 (subsequently amended).  Under SORNA, Appellant's Rape conviction was classified as a Tier III offense and carried a lifetime registration requirement. **See** 42 Pa.C.S. §§ 9799.14(d), 9799.15(a)(3) (subsequently amended).
[4] In **Muniz**, decided on July 19, 2017, the Pennsylvania Supreme Court determined that retroactive application of SORNA's registration requirements violates the *ex post facto* clause of the Pennsylvania Constitution.  Thus, the Court declared SORNA unconstitutional when applied to defendants who were convicted of crimes committed before SORNA's effective date.  In response, the Legislature amended SORNA with Subchapter I ("Act 10").  "Subchapter I sets forth the registration requirements that apply to all offenders convicted

PCRA court appointed counsel who, on April 3, 2018, filed an Amended PCRA Petition. In his Amended Petition, Appellant reiterated and developed his illegal sentence claim, asserting that "the *new* reporting and registration requirements imposed by Subchapter I" are unconstitutional as applied to Appellant. Amended Petition, 4/3/18, at ¶ 11 (emphasis in original). He, therefore, posited that he should be removed from the sexual offender registry.

Further, Appellant averred that he timely filed his initial Petition and Amended Petition within 60 days of the issuance of the decisions in **Muniz, supra**, and **Commonwealth v. Derhammer**, 173 A.3d 723 (Pa. 2017),[5] and the enactment of Subchapter I of Act 10. Amended Petition at ¶ 15.

On May 5, 2018, the Commonwealth filed an Answer to Appellant's Amended Petition.[6] On June 27, 2018, the PCRA court dismissed Appellant's Amended Petition without a hearing.[7]

---

of committing offenses on or after Megan's Law I's effective date (April 22, 1996), but prior to SORNA's effective date." **Commonwealth v. Bricker**, 198 A.3d 371, 375–76 (Pa. Super. 2018).

[5] In **Derhammer**, our Supreme Court held that the Commonwealth could not prosecute a defendant for failing to timely register as a sex offender after the **Muniz** Court had found the registration statute unconstitutional.

[6] Because Appellant has challenged the constitutionality of a statute, the Pennsylvania Office of the Attorney General filed a Motion to Intervene on June 21, 2018.

[7] Generally, the PCRA court must provide notice of its intent to dismiss a PCRA Petition and provide the petitioner with twenty days in which to respond.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Whether the trial court erred in ruling that it lacked jurisdiction to adjudicate the merits of the Amended PCRA Petition and/or Petition for Writ of *Habeas Corpus*?

2. Whether the trial court erred by not ruling that Act 10 of 2018 is unconstitutional under the federal and state *ex post facto* and double jeopardy clauses?

Appellant's Brief at 5.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." ***Commonwealth v. Root***, 179 A.3d 511, 515-16 (Pa. Super. 2018) (citation omitted). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

In order to obtain relief under the PCRA, a petition must be timely filed. ***See*** 42 Pa.C.S. § 9545 (providing jurisdictional requirements for the timely filing of a petition for post-conviction relief). A petition must be filed within one year from the date the judgment of sentence became final. ***Id.*** at Section

---

Pa.R.Crim.P. 907(1). However, Appellant did not object to the PCRA court's failure to provide notice of intent to dismiss pursuant to Rule 907, rendering any argument on this issue waived. ***Commonwealth v. Boyd***, 923 A.2d 513, 514 n.1 (Pa. Super. 2007).

- 4 -

9545(b)(1). Appellant's Petition, filed almost 6 years after his Judgment of Sentence became final, is facially untimely.

The PCRA, however, provides exceptions to the timeliness requirement in certain circumstances. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). In addition to establishing the elements of a timeliness exception, a petitioner must also establish that he filed his PCRA Petition within 60 days of the date he could have presented his claim. 42 Pa.C.S. § 9545(b)(2).[8] Here, Appellant attempts to invoke Section 9545(b)(1)(iii) to overcome the PCRA's time bar, pertaining to a new constitutional right found to be retroactive. **See** Appellant's Brief at 14, 23-24, 27(citing **Muniz**).[9]

We note that as long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007). However, a petitioner must raise a post-conviction legality of sentencing issue in a timely filed PCRA Petition over which we have jurisdiction. **See** 42 Pa.C.S. § 9545(b);

---

[8] Effective December 24, 2018, Section 9545(b)(2) now provides that, for claims arising on December 24, 2017, or after, "[a]ny petition invoking an exception . . . shall be filed within one year of the date the claim could have been presented."

[9] Appellant alleged that he "found out [about] the decision of **Commonwealth v. Muniz** on or around August 29, 2017 in the SCI-Albion prison law library." Petition, 9/21/17, at 4. Appellant's *pro se* Petition is dated September 15, 2017, exactly 60 days after the **Muniz** decision. The lower court clerk docketed and date-stamped Appellant's *pro se* Petition on September 21, 2017, which is more than 60 days after our Supreme Court decided **Muniz**. We agree with Appellant that "the Prisoner Mailbox Rule" applies. We, thus, deem Appellant's Petition as having been filed within 60 days of **Muniz**.

*Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Appellant relies on *Muniz*, in arguing his timeliness exception. However, the timeliness exception provided in Section 9545(b)(1)(iii) requires that Appellant demonstrate that the Pennsylvania Supreme Court has held that the holding in *Muniz* applies retroactively. Because our Supreme Court has issued no such holding, Appellant cannot rely at this time on *Muniz* to meet that timeliness exception. *Commonwealth v. Murphy*, 180 A.3d 402, 405-06 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018). Accordingly, we are without jurisdiction to address this issue.

With respect to Appellant's claim that *Derhammer*, *supra*, also applies to meet the timeliness exception of Section 9545(b)(1)(iii), we note that Appellant did not, raise this claim within 60 days of that decision. Our Supreme Court decided *Derhammer* on November 22, 2017, but Appellant did not file his Amended PCRA Petition until April 3, 2018.

Moreover, even if Appellant had raised this claim within 60 days of the *Derhammer* decision, it fails to meet the requirements of Subsection (b)(1)(iii). *Derhammer* did not result in a new constitutional right found to apply retroactively. *See Commonwealth v. Pollard*, 2019 WL 3764574 *2 (Pa. Super. filed August 9, 2019) (explaining that our Supreme Court has not held that *Derhammer* applies retroactively in order to satisfy Section

9545(b)(1)(iii)). Thus, Appellant cannot rely on **Derhammer** to satisfy the timeliness exception provided in Section 9545(b)(1).[10]

In his second issue, Appellant claims that the PCRA court erred when it declined to find Act 10 unconstitutional. We are likewise without jurisdiction to address this claim as Appellant has failed to plead and prove any exceptions to the PCRA's time-bar. **See Commonwealth v. Turner**, 80 A.3d 754, 767 (Pa. 2013) (internal citations omitted) (explaining that "in the context of the jurisdictional timeliness restrictions on the right to bring a PCRA petition, the constitutional nature of a collateral claim does not overcome the legislature's restrictions on collateral review.").

In conclusion, Appellant has not pleaded and proved the applicability of any of the PCRA's timeliness exceptions and, therefore, we are without jurisdiction to consider the merits of this appeal. The PCRA court properly dismissed Appellant's Petition as untimely. The record supports the PCRA court's findings and its Order is free of legal error. We, thus, affirm the denial of PCRA relief.

Order affirmed.

---

[10] Appellant's alternate claim, that the PCRA court had jurisdiction to consider his Petition as a *habeas corpus* petition, lacks merit. The PCRA is the "sole means of obtaining collateral relief" for claims that can be brought under the PCRA, including illegal sentence claims. 42 Pa.C.S. § 9542; **Commonwealth v. Haun**, 32 A.3d 697 (Pa. 2011).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/1/2019</u>